J-S33003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PRESTON WAYNE WALTERS | : | |
| | : | |
| Appellant | : | No. 1954 MDA 2018 |

Appeal from the PCRA Order Entered November 21, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002967-2014

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:               **FILED AUGUST 28, 2019**

Preston Wayne Walters appeals *nunc pro tunc* from the order, entered in the Court of Common Pleas of Dauphin County, denying his petition, after a hearing, filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Walters argues his counsel was ineffective for inadequately advising him when he decided to waive a jury trial and reject a plea offer. After careful review, we affirm the PCRA court's order denying Walters' petition.

On May 3, 2014, Walters entered a Sunoco gas station and handed Aida Algarin-Cruz, a cashier, a hand-written note.  The note directed Algarin-Cruz to open the cash register and hand over all the money.  Algarin-Cruz handed the note over to her co-worker, Patricia Buxton, who pressed the security button.  Walters then told the cashiers that his girlfriend was being held hostage and if he did not get the money, he would blow their heads off.  The

cashiers still did not give Walters the money, but they told him they would call the police. Walters left and the cashiers locked the doors.

When the police arrived, Buxton rode around with the officers in their police cruiser and identified Walters on the street. When the police questioned Walters, he said his girlfriend was a drug user and she owed money to a drug dealer. Walters said a man had come to his home and threatened to kill him if he did not get the money his girlfriend owed.

Following a bench trial, the Honorable Scott Arthur Evans convicted Walters of robbery[1] on December 10, 2014. Because of a prior conviction for robbery, Walters was sentenced to a mandatory term of ten to twenty years' incarceration. *See* 42 Pa.C.S. § 9714(a)(1). On December 1, 2015, this Court affirmed Walters' judgment of sentence. *Commonwealth v. Walters*, 159 MDA 2015 (Pa. Super. December 1, 2015). Walters did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Walters filed his first counseled PCRA petition on November 29, 2016. The court held a hearing on the petition on April 18, 2017.

The PCRA court summarized the evidence admitted at the PCRA hearing as follows:

> [Walters] testified that his attorney at the trial level was Erica Lauer, Esq., of the Dauphin County Public Defender's Office. When asked why he made the decision to have a non-jury trial, [Walters] responded that [attorney] Lauer told him Judge Evans was more lenient towards people with mental health issues. [Walters] also testified that he had one offer for a plea agreement,

---

[1] 18 Pa.C.S.A. § 3701(a)(ii).

for five (5) to ten (10) years of imprisonment. He asserted that he did not know that if he got convicted without a plea agreement that he could receive a ten (10) to twenty (20) year sentence. [Walters] also testified that he knew what [the] sentencing guidelines were. At another point in his testimony, when [Walters] was asked if his attorney ever explained to him what his maximum sentence was, he said he did not recall. Referring back to [Walters'] sworn testimony at the bench trial, Deputy District Attorney Anthony Corby reminded [Walters] that when asked if his counsel had explained the maximum sentence involved in this case and the charges he was facing, [Walters] responded 'yes.'

[Walters] stated at the hearing that he was never told that he did not have to testify at trial. Again, the bench trial testimony was read back to him, reflecting the [court's] instruction that [Walters] [had] the right to testify if he wishes, and also [had] the constitutional right not to testify. It was also brought out at the hearing that prior to sentencing, [Walters] was given notice of the mandatory minimum.

[Walters] testified that he was on medication during the hearing, specifically Seroquel and Klonopin. Prior to his bench trial, he had been addicted to pain medications, street drugs, and alcohol. He also suffered head trauma and frontal lobe damage as a result of motorcycle accidents.

Erica Lauer, [Walters's] trial counsel, also testified at the PCRA hearing. Attorney Lauer stated that she met with [Walters] at least three times. She recalls going over the videotape of the robbery with [Walters], the 911[-]call, his criminal history, sentencing guidelines, and police report. Attorney Lauer said her notes reflected that she highlighted [Walters'] prior robbery, and the fact that a 10[-]year mandatory [sentence] was indicated in the guidelines. [Commonwealth's counsel] handed Attorney Lauer Commonwealth exhibit B and stated: '[I]f you move to the second page, this is the sentencing guidelines. The defendant indicated on the stand that he is familiar with the sentencing guidelines. Does this sentencing guideline have a mandatory minimum on it?' Attorney Lauer responded yes, and that such a mandatory minimum was 120 months.

Attorney Lauer testified that she presented [Walters] with two plea offers, one was 7 to 14 years and the other was 5 to 10 years and he rejected both. At this point she discussed trial options, and the difference between a bench trial and a jury trial. Given

[Walters'] criminal history (which included a robbery) and other factors, Attorney Lauer made a strategic decision to advise a bench trial.

Trial Court Opinion, 11/21/17, at 2-4 (citations omitted).

On November 21, 2017, the PCRA court dismissed Walters' petition. Walters appealed, but his counsel failed to file a docketing statement and this Court quashed the appeal on March 2, 2018. *Commonwealth v. Walters*, 49 MDA 2018 (Pa. Super. March 2, 2018). Walters' new counsel filed a motion to reinstate his appellate rights *nunc pro tunc*, which the PCRA court granted on November 6, 2018. This appeal follows.

Walters claims trial counsel did not inform him of the mandatory minimum sentence he would face if convicted. He argues that trial counsel's failure to inform him of the mandatory minimum sentence prevented him from making "an intelligent decision regarding the rejection of the Commonwealth's plea offer and the waiver of his right to a jury trial." Appellant's Brief at 11.

Our standard of review is well settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's rulings if it is supported by evidence of record and is free of legal error. This court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA and will not disturb those findings unless they have no support in the record.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citations omitted).

Walters' issue concerns trial counsel's effectiveness. We presume counsel was effective, and it is Walters' burden to prove otherwise. **See Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014). To prevail on an ineffectiveness claim, Walters must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

**Commonwealth v. Lesko**, 15 A.3d 345, 373 (Pa. 2011). Walters must prove each element; merely alleging each element is not sufficient. **See Commonwealth v. Mason**, 130 A.3d 601, 618 (Pa. 2015). A "reasonable basis" does not require that counsel chose the most logical course of action, but merely that the decision had some reasonable basis. **Commonwealth v. Bardo**, 105 A.3d 678, 684 (Pa. 2014). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." **Mason**, 130 A.3d at 618 (citing **Strickland v. Washington**, 466 U.S. 668, 684 (1984)).

We note that the PCRA court's findings contradict Walters' factual basis for his first issue. The PCRA court found that Walters was aware of the mandatory minimum sentence when he chose to turn down the plea offer and proceed with a bench trial. **See** Trial Court Opinion, 11/21/17, at 5. There is ample support in the record for this finding, thus, we will defer to the PCRA

court's factual findings. **See Rykard,** 55 A.3d at 1183. Walters has failed to show this claim has merit and the PCRA court properly dismissed this argument.

Walters also argues that there was no reasonable basis for Lauer to recommend a bench trial over a jury trial. We disagree. Lauer advised a bench trial because "I think Judge Evans is very fair. I think given the nature of what [Walters], his story was and what his situation was, if [Walters] was to testify, I think the [j]udge would – I think he would look at it and, you know, view it a little more favorably than, say, you know, some members of the county or other judges." N.T. Trial, 4/18/17, at 41. As Lauer had a reasonable basis to advise Walters to choose a bench trial, Walters failed to prove the second element of ineffectiveness. **See Lesko**, 15 A.3d at 373. Thus, the PCRA court properly denied Walters' petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/28/2019